IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIFFANY SMITH,

          Petitioner,     :    Case No. 1:22-cv-233

   - vs -                            District Judge Matthew W. McFarland
                                    Magistrate Judge Michael R. Merz

WARDEN, Dayton Correctional
 Institution,

                             :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Tiffany Smith under 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11) and the Reply (ECF No. 17).

**Litigation History**

On August 8, 2017, a Hamilton County Grand Jury indicted Smith on two counts of murder and two counts of felonious assault each with a firearm specification. (Indictment, State Court Record, ECF No. 10, Ex. 1). A jury found Smith guilty on all counts and specification. *Id.*, Verdicts, Ex. 4. The trial judge denied a motion to acquit or convict on the lesser offenses of voluntary manslaughter and sentenced Petitioner to an aggregate sentence of twenty-one years to life. *Id.* Exs. 5, 6.

Represented by new counsel, Petitioner appealed to the Ohio First District Court of Appeals, raising the following Assignments of Error:

> **First Assignment of Error:** The trial court erred to the prejudice of the Defendant-Appellant as there was insufficient evidence to convict.
>
> **Second Assignment of Error:** The trial court erred to the prejudice of the Defendant-Appellant because the verdict was against the manifest weight of the evidence.
>
> **Third Assignment of Error:** The verdict was in error as both self defense and defense of others applied and as such the defendant should not have been convicted.
> (Argued Together)
>
> **Issue Presented** for Review and Argument: Where the evidence shows that the state failed to prove the defendant did not use self defense and the evidence presented tended to show she did, the guilty verdicts were in error.
>
> **Fourth Assignment of Error:** The defendant was denied effective assistance of trial counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments.
> Issue Presented for Review and Argument: When defense counsel fails to engage a crime scene reconstruction expert when that is crucial to showing the order of events, and fails to argue in the alternative for voluntary manslaughter, the defendant receives ineffective assistance.
>
> **Fifth Assignment of Error:** The trial court abused its discretion when it allowed in evidence of officer's opinions that were unfairly prejudicial.
>
> **Issue Presented** for Review and Argument: Where the court allows in state testimony of a police officers (sic) opinion as to when civilians draw weapons, which has nothing to do with the self defense legal standard, it was a in violation of Due Process and Ohio Evidentiary Rules.
>
> **Sixth Assignment of Error:** The trial court erred when it sentenced the defendant on two firearm specifications for the same transaction.
>
> **Issue Presented** for Review and Argument: When the criminal activity on multiple counts and specifications were committed within the same course of conduct with the same weapon and same

2

> victim, then a multiple consecutive firearm specification sentence should not have been given on the counts.

(Appellant's Brief, State Court Record, ECF No. 10, Ex. 8, PageID 100). The First District affirmed the conviction and sentence. *State v. Smith*, 2020-Ohio-4976 (1st Dist. Oct. 21, 2020).

The Supreme Court of Ohio granted Smith's *pro se* motion for leave to file a delayed appeal in which she raised the following propositions of law:

> I. Whether the trial court erred to the prejudice of Tiffany Smith when there was insufficient evidence to convict, in violation of defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, therefore mandating a reversal?
>
> II. Whether the trial court erred to the prejudice of Tiffany Smith because the verdict was against the manifest weight of the evidence in violation of the right to a fair trial and in violation of Appellant's due process rights under the Fifth and the Fourteenth Amendments to the United States Constitution, therefore mandating a new trial?
>
> III. Whether the verdict was in error when both self defense and defense of others applied, and whether the Appellant should not have been convicted when the evidence shows that the State failed to prove the Appellant did not use self defense and the evidence presented tended to show she did, were the guilty verdicts in error?
>
> IV. Whether Tiffany Smith was denied her Sixth Amendment right to effective assistance of trial counsel, and her Fifth and Fourteenth Amendment right to due process as guaranteed by the United States Constitution and by Article 1 of Section 10 of the Ohio Constitution, to wit, when defense counsel failed to engage a crime scent reconstruction expert when that is crucial to showing the order of events, and failed to argue the alternative for voluntary manslaughter?
>
> V. Whether the trial court erred and abused it's discretion in violation of due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 1 of Section 10 of the Ohio Constitution and the Ohio Evidentiary Rules 403 and 404(B) when the court allowed in evidence State testimony of police officer's opinion as to when civilians draw weapons, which has nothing to do with the self defense legal standard that were unfairly prejudicial?

> VI. Whether the trial court erred when it sentenced Tiffany Smith on two firearm specifications for the same transaction when the criminal activity on multiple counts and specifications were committed within the same course of conduct with the same weapon and same victim, then a multiple consecutive firearm specification sentence should not have been given on the counts?

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 17). However, the Supreme Court declined to exercise jurisdiction. *State v. Smith*, 162 Ohio St. 3d 1421 (2021).

On December 3, 2020, Smith filed in the First District a document she entitled "Postconviction Motion Relief—Ineffective Counsel" which the court treated as an application for reopening under Ohio R. App. P. 26(B), complaining of ineffective assistance of appellate counsel for failure to raise the following assignments of error:

1. Ineffective Appellant Counsel (sic)

2. Ineffective Trial Counsel

3. Counsel failed to communicate a plea bargain (summarized)

4. Improper Jury Instruction

5. Insufficient Evidence

6. Overcharge of First-Degree Murder

7. Denial of my fundamental Constitutional Right to Due Process

(State Court Record, ECF No. 10, Ex. 20). The First District denied the Motion (*Id.* at Ex. 23) and Smith did not appeal to the Supreme Court.

Smith filed her Petition for Writ of Habeas Corpus in this Court on April 13, 2022, pleading the following grounds for relief:

> **GROUND ONE**: Ineffective assistance of counsel and due process
> **Supporting Facts**:
>
> [Memorandum attached, marked as Ground 7]

4

**Issue 1:** Counsel failed to object adequately enough to an argument by the prosecution.

**Issue 2:** Counsel failed to object or argue alleged discrepancies in Ms. Yohna Bryant's testimony.

**Issue 3:** Counsel failed to pursue the issuance of subpoena for the original surveillance video of the murder, rather than allowing the State to admit a copy, which Petitioner claims was altered in favor of the prosecution.

**Issue 4:** Counsel failed to call witnesses, specifically:

(a) the instructor of the concealed-carry class she took in the past;
(b) a mental health professional to testify about her state of mind due to past trauma and depression
(c) an expert regarding the potential force of a full glass bottle of liquid, and
(d) Ms. Bryant's daughter. "Cyiona", for cross-examination.

**Issue 5:** Counsel failed to pursue the issuance of subpoena for the original surveillance video of the murder, rather than allowing the State to admit a copy, which Petitioner claims was altered in favor of the prosecution.

**GROUND TWO**: Due Process/Judicial Misconduct

**Supporting Facts**:

[Two issues, see Memorandum attached marked as Ground 8]

**Issue 1:** The trial judge fell asleep during trial, resulting in incorrect rulings on objections.

**Issue 2:** Trial court made comments at the sentencing hearing regarding LACY KING, that painted a picture of sentiment to the jury.

(Petition, ECF No. 1).

# Analysis

**Ground One:  Ineffective Assistance of Trial Counsel**

In her First Ground for Relief, Petitioner argues she received ineffective assistance of trial counsel in five different ways.

Under the Sixth Amendment to the United States Constitution, criminal defendants are entitled to receive the effective assistance of counsel.  The governing standard for determining whether a defendant has been provided with ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

> hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

7

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Respondent argues that Smith's First Ground for Relief is both procedurally defaulted and without merit (Return, ECF No. 10, Ex. 11, PageID 1635). As Respondent points out, Smith did raise two claims of ineffective assistance of trial counsel on direct appeal: failure to engage a crime scene reconstruction expert and failure to argue in the alternative for voluntary manslaughter. The First District decided these two claims on the merits. If Smith presented them to this Court as claimed instances of ineffective assistance of trial counsel, the Court would have to determine, under 28 U.S.C. § 2254(d), whether the First District's decision was contrary to or an objectively unreasonable application of United States Supreme Court precedent.

But it is plain Smith has not presented to this Court the ineffective assistance of trial counsel claims she submitted to the First District. Her claims here – failure to adequately object to a prosecution argument, failure to argue discrepancies in Yohna Bryant's testimony, failure to object to admission of a copy of the surveillance video, and failure to call as witnesses the instructor of her concealed-carry class, a mental health expert about the effect on her mind of trauma and depression, and failure to call Cyiona on cross – are entirely new. They were never submitted to any Ohio court for evaluation.

Because these claims were never presented to the Ohio courts, Respondent asserts they are procedurally defaulted. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, supra).

Petitioner responds to the procedural default defense by claiming that the First District Court of Appeals never sent her a copy of its decision denying her Motion to Reopen under Ohio R. App. P. 26(B). Assuming she could prove that, it would only excuse any procedural default in

9

failing to appeal to the Supreme Court of Ohio from denial of the 26(B) Application. It would not excuse her failure to plead her current claims in any post-conviction proceeding in the state courts.

Smith also adverts to the miscarriage of justice exception to procedural default. But the Supreme Court has made plain that a miscarriage of justice offered to excuse procedural default can be shown only by new evidence not presented to the jury that shows a petitioner is factually innocent.

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Because Smith has failed to show excusing cause for her failure to present her First Ground for Relief to the Ohio courts, Ground One should be dismissed with prejudice.

**Ground Two: Judicial Misconduct**

In her Second Ground for Relief, Smith asserts the trial judge fell asleep during trial, resulting in incorrect rulings on objections and made sympathetic comments about Lacy King during the sentencing hearing.

As with Ground One, Respondent asserts these sub-claims are procedurally defaulted because they were not fairly presented to the Ohio courts in a manner in which those courts could have decided them as constitutional claims. The Magistrate Judge agrees.

Whether or not the trial judge fell asleep during trial is not a fact that can be shown from the appellate record, or at least Smith cites no place where that fact is shown on the record. Constitutional violations that depend on facts outside the appellate record must be brought to the attention of the Ohio courts by a petition for post-conviction relief under Ohio Revised Code § 2953.21, but Smith never filed such a petition and the time within which she could have done so has expired.

Regarding any comments the trial judge made which might be interpreted as favoring Lacy King, they were made during sentencing and thus cannot possibly have swayed the jury to return guilty verdicts. Judge's comments at the time of sentencing, whether or not an objective observer would agree with them, cannot render a verdict unconstitutional. Ground Two should therefore be dismissed.

**Petitioner's Reply**

Smith has filed a lengthy Reply in this case (twenty-two pages single-spaced). She spends

much of it attempting to refute findings of the Court of Appeals. But the Court can only consider these arguments to the extent that they speak to issues Petitioner has properly pleaded and preserved for review in habeas corpus. Errors the First District, or the trial court for that matter, may have made on issues that are not preserved are not relevant to this habeas corpus case. To put it another way, issues cannot be raised for the first time in habeas corpus.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 27, 2022.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
