IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TIFFANY SMITH, | : | Case No. 1:22-cv-233 |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Michael R. Merz |
| v. | : | |
| WARDEN, DAYTON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

### ENTRY AND ORDER

This matter is before the Court upon the Substituted Report and Recommendation (Doc. 30) of United States Magistrate Judge Michael R. Merz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Report recommends that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) be dismissed. (*See* Doc. 30.) Petitioner objected to the Report. (Doc. 33.) Thus, the matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a de novo review of this record. Upon review, the Court agrees with the thorough analysis contained in the Magistrate Judge's Report. Still, the Court will address Petitioner's Objections to ensure a clear statement of the bases for the Court's dismissal of her petition.

Petitioner seeks relief under 28 U.S.C. § 2254, arguing that (1) the state presented insufficient evidence; (2) her convictions were against the manifest weight of the

evidence; (3) the state failed to disprove her self-defense theory; (4) trial counsel was ineffective by not (a) hiring a crime scene expert and (b) arguing for a lesser-included manslaughter charge; (5) the trial court erred by admitting expert testimony from a police officer; (6) the trial court improperly enhanced her sentence; (7) trial counsel was ineffective for not (a) objecting to the prosecution's arguments about the bottle or (b) to the victim's sister's testimony, (c) securing the original surveillance video of the incident, (d) calling certain witnesses, and (e) appellate counsel was ineffective for raising these claims on direct appeal, and (8) the trial court (a) fell asleep during trial and (b) made inappropriate comments during sentencing. (*See* Pet., Doc. 1, Pg. ID 18.)

### I. Sufficiency of the Evidence

Petitioner argues in her first objection that the state did not disprove her affirmative defenses—that she acted in self-defense and in defense of her daughter. (Objections, Doc. 33, Pg. ID 1842-45.) When an affirmative defense merely excuses conduct rather than contests the elements of the offense, "the Government has no constitutional duty to overcome the defense beyond a reasonable doubt." *Smith v. United States*, 568 U.S. 106, 110 (2013) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). Here, self-defense and defense of another do not contest any elements of Petitioner's convictions. *See* Ohio Rev. Code § 2903.11(A)(1)-(2) (assault); Ohio Rev. Code § 2903.02 (A), (B) (murder); *see also State v. Barnes*, 759 N.E.2d 1240 (Ohio 2002). Thus, the Government had no constitutional duty to disprove those defenses. *Smith*, 568 U.S. at 110.

In any event, Petitioner's claims are meritless. The state court of appeals noted that a jury could have found that Petitioner was at fault because she entered the area with a

gun after the situation defused and that Petitioner's daughter was at fault by initiating the physical fight that prompted Petitioner's intervention. *See State v. Smith*, No. C-190507, 2020 WL 6158467, at *7-9. Petitioner challenges how the state court of appeals analyzed the facts, but this Court may not "reweigh the evidence . . . or substitute [its] judgment for that of the jury." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (citation omitted). It is not unreasonable to conclude that a rational jury could have convicted Petitioner. *Id.* Thus, the Court rejects Petitioner's argument as to these claims.

## II. Weight of the Evidence

Petitioner argues in her next objection that her "weight of the evidence" claim is cognizable, pointing to *Tibbs v. Florida*, 457 U.S. 31 (1982). (Objections, Doc. 33, Pg. ID 1846.) But, this is not persuasive. The Supreme Court in *Tibbs* did not recognize a federal "weight of the evidence" claim, it only held that a prisoner whose conviction was reversed under a state-law "weight of the evidence" claim could still be retried. *Id.* at 47. Furthermore, the Sixth Circuit has recognized that an Ohio prisoner's "weight of the evidence" claim implicates Ohio law—not federal law. *See Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007).

Federal habeas corpus relief is only available to state prisoners who show that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not in the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68-69 (1991). Petitioner's claim concerns a violation of state law and is therefore not cognizable in federal habeas proceedings. The Court rejects Petitioner's argument as to Claim Two.

### III. Ineffective Assistance of Counsel

Petitioner next objects to the Magistrate Judge's conclusion that her claims for ineffective assistance of trial counsel were meritless. (*See* Objections, Doc. 33, Pg. ID 1858, 1865, 1873.)

Petitioner contends that a crime scene expert would have helped the jury understand the sequence of events captured on the videotape played at trial. (Objections, Doc. 33, Pg. ID 1861.) The state court of appeals concluded that this argument was speculative. *See Smith*, 2020 WL 6158467, at *10. The jury already watched the tape, and Petitioner testified in depth about the incident. *See id.* at *1-5. Petitioner does not explain how a crime scene expert would have affected this evidence or the trial outcome, so her claim is speculative and insufficient to secure relief. *See Cunningham v. Shoop*, 23 F.4th 636, 673 (6th Cir. 2022).

Petitioner also claims that her trial counsel should have argued for a voluntary manslaughter conviction as an alternative to her self-defense theory. (*See* Objections, Doc. 33, Pg. ID 1865.) The state court concluded that self-defense and voluntary manslaughter were mutually exclusive theories due to their contrasting state-of-mind requirements, so counsel acted reasonably by not advocating the alternative theory to the jury. *See Smith*, 2020 WL 6158467, at *11. Courts in Ohio have repeatedly recognized that "arguments based on self-defense are inconsistent with arguments based upon voluntary manslaughter." *State v. Grant*, 223 N.E.3d 1, 34 (Ohio Ct. App. 2023). There is a strong presumption that trial counsel acts reasonably, *see Haight v. Jordan*, 59 F.4th 817, 831-32 (6th Cir. 2023), and the failure to advocate conflicting theories "might be considered

4

sound trial strategy," *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Thus, the Court rejects Petitioner's argument as to claim Four.

### IV. Police Officer's Expert Testimony

Petitioner contends in her next objection that the trial court violated her due process rights by allowing a police officer to improperly testify as an expert witness. (Objections, Doc. 33, Pg. ID 1876, 1881.)

The state court of appeals construed Petitioner's claim as two subclaims challenging the officer's testimony that (1) he would not draw his firearm in the middle of a fight if no one else had a weapon and (2) a firearm only escalates a situation. *See Smith*, 2020 WL 6158467, at *11. It reviewed the first issue for plain error because Petitioner failed to object to the testimony at trial. It noted that Petitioner objected to the second issue but concluded that allowing the testimony was harmless error. *Id.*

Petitioner procedurally defaulted her first subclaim. Federal habeas review is barred where the state court does not address the federal claim and instead enforces a procedural requirement independent of the federal question. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). Petitioner did not object to the officer's testimony about not drawing his firearm, so the state court of appeals reviewed this argument for plain error instead of on the merits. *Smith*, 2020 WL 6158467, at *11. Accordingly, the state court enforced an independent and adequate state ground that now bars federal review of this claim. *Awkal v. Mitchell*, 613 F.3d 629, 648-49 (6th Cir. 2010).

The state court of appeals determined that Petitioner's second subclaim was meritless, concluding that the admission of the officer's testimony was harmless error.

5

*Smith*, 2020 WL 6158467, at *11-12. Magistrate Judge Merz concluded that this claim did not state a constitutional violation.

Petitioner relies on *Chambers v. Mississippi*, 410 U.S. 284 (1973) to argue that federal courts can review state-court evidentiary rulings in habeas proceedings. (*See* Objections, Doc. 33, Pg. ID Pg. ID 1876.) Petitioner's argument is not persuasive. Federal courts will not usually review a state-court evidentiary ruling in a habeas proceeding unless the ruling is "especially egregious" and results in the denial of fundamental fairness. *Wilson v. Sheldon*, 874 F.3d 470, 475-76 (6th Cir. 2017). This is evident even in *Chambers*, where the Supreme Court only recognized that "[m]ultiple erroneous evidentiary rulings excluding reliable, direct evidence of actual innocence in a criminal case can, in combination, violate due process." *Rogers v. Mays*, 69 F.4th 381, 394 (6th Cir. 2023) (en banc) (citing *Montana v. Egelhoff*, 518 U.S. 37, 53 (1996) (plurality opinion)). This evidentiary ruling was more limited and did not exclude exculpatory evidence. Federal courts do not second-guess these state-court harmless error determinations in habeas proceedings. *Wilson*, 874 F.3d at 477. Thus, the Court rejects Petitioner's argument as to claim Five.

### V.  Improper Sentence Enhancements

Petitioner next objects to the conclusion that her improper sentencing claim is not cognizable. (*See* Objections, Doc. 33, Pg. ID 1883-86.) That said, she does not specifically object to the cognizability conclusion and instead repeats her arguments on the merits. "The failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (quoting *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004)). Accordingly, Petitioner waived review of this claim.

6

In any event, the claim is not cognizable. Petitioner argued that two provisions of Ohio's sentencing scheme conflicted. *See Smith*, 2020 WL 6158467, at *12. This is an issue of state law and is outside of this Court's purview. *See Estelle*, 502 U.S. at 68-69. Thus, the Court rejects Petitioner's argument as to Claim Six.

### VI. Ineffective Assistance of Appellate Counsel

Petitioner next objects to the Magistrate Judge's findings about her claims for ineffective assistance of trial and appellate counsel. (*See* Objections, Doc. 33, Pg. ID 1897, 1901-03, 1910-11.)

Petitioner raised several subclaims of ineffective assistance of trial counsel in her Rule 26(B) proceedings, on which she based her claims of ineffective assistance of appellate counsel. Magistrate Judge Merz determined that Petitioner's Rule 26(B) Motion preserved only her claims for ineffective assistance of appellate counsel for habeas review, not her underlying claims about trial counsel. (Report, Doc. 30, Pg. ID 1803.) Petitioner does not object to this conclusion, so it is waived. *Carter*, 829 F.3d at 472. In any event, that determination was correct, *see Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), and Petitioner's ineffective assistance of trial counsel subclaims are not properly before this Court.

The state court of appeals rejected one of Petitioner's ineffective assistance of appellate counsel claims because the underlying ineffective assistance of trial counsel claims required evidence outside the record and were thus outside the scope of review, so appellate counsel was not ineffective for not raising them on appeal. (*See* State Court Records, Doc. 10, Pg. ID 465.) Petitioner objects to this conclusion. (*See* Objections, Doc.

7

33, Pg. ID 1897.) But, Rule 26(B) motions are collateral proceedings, *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005) (en banc), and this Court may not reevaluate the state court's analysis of its collateral proceeding procedures, *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). Nor has Petitioner shown that these issues were clearly stronger than what appellate counsel raised. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Petitioner also argues that her ineffective assistance of appellate counsel claim for failure to appeal trial counsel's decision to not pursue a plea agreement had merit. (*See* Objections, Doc. 33, Pg. ID 1910.) The state court determined that trial counsel had not acted deficiently by proceeding to trial rather than seeking a plea deal. (*See* State Court Records, Doc. 10, Pg. ID 465-66.) Trial counsel's strategy to pursue a self-defense theory was reasonable, *see Hobbs v. Hooks*, 742 F. App'x 105, 110 (6th Cir. 2018), and appellate counsel cannot be faulted for failing to raise an issue that lacks merit, *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010). Nor does Petitioner show how this claim was clearly stronger than the ones presented on direct appeal. Thus, the Court rejects Petitioner's Objections on Claim Seven.

### VII. Judicial Misconduct

Petitioner lastly objects to the Magistrate Judge's findings on her claim for judicial misconduct, arguing that the trial court should have permitted her to seek a lesser-included manslaughter conviction. (*See* Objections, Doc. 33, Pg. ID 1912-13.) Petitioner waived this claim because she raised it for the first time in her objections. *See Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023). In any event, this is a matter of state law outside of this Court's purview. *See Estelle*, 502 U.S. at 68-69. Thus, the Court rejects

8

Petitioner's argument as to Claim Eight.

### VIII. General Objections

Petitioner objects to several other aspects of the Report and Recommendation, but she does not provide any specificity or supporting arguments. (*See, e.g.*, Objections, Doc. 33, Pg. ID 1898-99.) Thus, Petitioner waived any remaining objections to the recommended disposition of her claims. *Carter*, 829 F.3d at 472.

## CONCLUSION

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of this record. Accordingly, the Court **OVERRULES** Petitioner's Objections (Doc. 33) and **ADOPTS** the Substituted Report and Recommendation (Doc. 30) in its entirety. The Court **ORDERS** the following:

(1) Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**;

(2) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of this Order would not be taken in good faith and therefore **DENIES** Petitioner leave to appeal in forma pauperis;

(3) The Court **FURTHER CERTIFIES** that reasonable jurists would not disagree that Petitioner failed to make a substantial showing of a violation of constitutional rights and **DENIES** a certificate of appealability; and

(4) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

10